UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBORAH KETCHERSIDE, *et al.*,

    Plaintiffs,

v.                                              Case No. 12-cv-14151
                                                Hon. Gershwin A. Drain

PARAMOUNT FITNESS CORP.,

    Defendant.
_____/

### ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [#9]

**I.   INTRODUCTION**

On September 19, 2012, Deborah and Lee Ketcherside ("Plaintiffs"), filed the instant action against Defendant/Counter-Plaintiff Paramount Fitness Corporation ("Defendant") pursuant to 28 U.S.C. § 1332. Plaintiffs raise claims of negligence, breach of express or implied warranty, gross negligence, nuisance, failure to warn and loss of consortium arising out of the injury and amputation of Deborah Ketcherside's right index finger while she was using a machine manufactured by Defendant at her gym on September 23, 2009.

Presently before the Court is Defendant's Motion for Summary Judgment, filed on November 21, 2012. Defendant argues that Plaintiffs' claims are subject to dismissal pursuant to an October 8, 2008 Membership Agreement executed by Deborah Ketcherside and Detroit Health Club Corporation d/b/a Fitness USA ("Fitness USA") wherein Ketcherside agreed to fully and forever release, discharge and agree to hold harmless the manufacturer of fitness equipment against any and all present or future claims. Alternatively, Defendant maintains that, even if the release

-1-

does not bar all of Plaintiffs' claims, Plaintiffs' claims of nuisance and gross negligence fail on the pleadings pursuant to Fed. R. Civ. P. 12(c). This matter is fully briefed and a hearing was held on March 12, 2013. For the reasons that follow, the Court grants Defendant's Motion for Summary Judgment.

## II.   FACTUAL BACKGROUND

On or about September 29, 2009, Plaintiff injured her finger while using the PL 2900 Multi-Hip machine, designed and manufactured by Defendant, at the Dearborn, Michigan Fitness USA. Plaintiff's right index finger was severed when it became ensnared in a faulty loop of metal cable on the handle of the machine.

On October 8, 2008, Plaintiff entered into a Membership Agreement with Fitness USA to use its fitness facilities. The Membership Agreement contained Terms and Conditions which included an agreement to hold the manufacturer of fitness equipment harmless against any and all present or future claims:

> The Center shall not be liable for any claim, injury, damage, or cause of action arising out of the use of the Center, its premises, facilities, equipment, instruction or services (hereafter "Claims"). Member/Buyer agrees to use the Center, its premises, facilities and equipment at their own risk. Member/Buyer agrees that Center is not responsible for personal property, lost, stolen or damaged while on the Center premises. Member and Buyer fully and forever, release, discharge and agree to hold the following individuals and entities harmless against any and all present or future Claims; the Center and all associated or affiliated companies and their owners, employees, contractors and agents, their members or guests, the manufacturer of fitness equipment, and the owners of the premises. If this membership is being purchased for a person, other than the Buyer, Buyer assumes full responsibility for the Member and agrees to indemnify the Center with respect to all claims.

*See* Def.'s Mot. for Summ. J., Ex. A.

Plaintiffs filed the instant action on September 19, 2012. The Court conducted a scheduling

conference on December 17, 2012 and entered a Scheduling Order setting a discovery cutoff of June 17, 2013 and a dispositive motion cutoff of July 8, 2013.

### III. LAW & ANALYSIS

#### A. Standard of Review

Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment forthwith "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001). The Supreme Court has affirmed the court's use of summary judgment as an integral part of the fair and efficient administration of justice. The procedure is not a disfavored procedural shortcut. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *see also Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995).

The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Amway Distributors Benefits Ass'n v. Northfield Ins. Co.,* 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Redding*, 241 F.3d at 532 (6th Cir. 2001). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original); *see also National*

*Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 270 (1968); *see also McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party. *Anderson*, 477 U.S. at 248, 252. Rather, there must be evidence on which a jury could reasonably find for the non-movant. *McLean*, 224 F.3d at 800 (citing *Anderson*, 477 U.S. at 252).

### B. Defendant's Motion for Summary Judgment

Defendant argues that Plaintiffs' claims are barred by the Membership Agreement because Defendant is a third-party beneficiary of the Agreement. Defendant further asserts that the plain and unambiguous language in the Membership Agreement precludes all of Plaintiffs' claims. Defendant relies on MICH. COMP. LAWS § 600.1405, which states:

> Any person for whose benefit a promise is made by way of contract, as hereinafter defined, has the same right to enforce said promise that he would have had if the said promise had been made directly to him as the promisee.
>
> > (1) A promise shall be construed to have been made for the benefit of a person whenever the promisor of said promise had undertaken to give or to do or refrain from doing as follows.

MICH. COMP. LAWS § 600.1405. Defendant maintains that it is a third-party beneficiary under the plain language of the Membership Agreement because Plaintiff executed it directly for the benefit of Defendant. The language unambiguously releases "the manufacturer of fitness equipment" from any and all present or future claims. A party who qualifies as a third-party beneficiary effectively

"stands in the shoes" of the original promisee and "has the same right to enforce said promise that he would have had if the said promise had been made directly to him as the promisee." *Shay v. Aldrich*, 487 Mich. 648, 665-66; 790 N.W.2d 629 (2010).

Plaintiffs argue that the entire release is invalid. A release provision may absolve a party from liability for ordinary negligence, but it cannot absolve a party for grossly negligent conduct because it violates the public policy of Michigan. *See Universal Gym Equipment, Inc. v. Vic Tanney Intern'l, Inc*., 207 Mich. App. 364, 367; 526 N.W.2d 511 (1994), vacated in part on other grounds on rehearing, 209 Mich. App. 511 (1995). Plaintiffs are incorrect in their assertion that the entire release is invalid. "Michigan case law establishes that a party may contract against liability for harm caused by ordinary negligence[,] . . . .[h]owever a party may not by contract protect itself from liability for gross negligence or willful and wanton misconduct." *Ohio Cas. Ins. v. Oakland Plumbing Co.*, No. 247817, 2005 WL 544185, *2 (Mich. App. March 8, 2005) (collecting cases). Plaintiffs fail to provide any authority for their assertion that the entire release is invalid.

At the hearing, Plaintiffs' counsel referred the Court to Michigan Supreme Court's decision in *Dettloff v. Hammond, Standish & Co.*, 195 Mich. 117; 161 N.W.949 (1917) to support Plaintiffs' theory that the entire release is invalid. As an initial matter, Plaintiffs failed to cite to the *Detloff* decision in their briefing, thus Defendant did not have an opportunity to address this decision in its reply brief. In any event, *Dettloff* does not alter this Court's conclusion that the release is enforceable as to all claims except for gross negligence and wanton and willful misconduct claims. *Detloff* concerned an agreement between the beneficiary of a deceased employee releasing the employer from liability under Michigan's Worker's Compensation Act. *Id*. at 135. The *Detloff* court concluded that the agreement was *void ab initio* because it violated not only public policy, but also the Act's express statutory language that, "[n]o agreement by an employee to waive his rights

-5-

to compensation under this act shall be valid." *Id.* Thus, *Detloff* is distinguishable from the present matter because the release agreement at issue herein is not prohibited under any express statutory language.

Further, recent Michigan case law establishes that Plaintiffs' argument is without merit. In *Lamp v. Reynolds*, 249 Mich. App. 591, 594; 645 N.W.2d 311 (2002), the Michigan Court of Appeals rejected the defendants' argument that the trial court erred in denying their motion for summary disposition with regard to the plaintiffs' willful and wanton misconduct claim. *Id.* at 594. The *Lamp* court held that "[i]t is well established in this jurisdiction that, although a party may contract against liability for harm caused by his ordinary negligence, a party may not insulate himself against liability for gross negligence or willful and wanton misconduct. Consequently, plaintiff's execution of two general releases did not automatically bar his willful and wanton misconduct claim; therefore, the trial court properly rejected this argument." *Id.*; *see also, Universal Gym Equipment*, 207 Mich. App. at 367 (release enforceable as to ordinary negligence claims but not enforceable with respect to a claim of gross negligence). Thus, Michigan law holds that a release is unenforceable against gross negligence and wanton misconduct claims, but enforceable as to claims of ordinary negligence. None of the case law supports Plaintiffs' theory that the entire release is invalid and unenforceable.

Plaintiffs further maintain that Defendant is not a third-party beneficiary of the Membership Agreement. The cases Plaintiffs rely on are distinguishable from the facts present here. For instance, in *Schmalfeldt v. North Pointe Ins. Co.*, 469 Mich. 422, 427-29; 670 N.W.2d 651 (2003), the court held that an injured bar patron did not have third-party beneficiary status under an insurance contract executed by the bar owner and its commercial insurance carrier. *Id.* The *Schmalfeldt* court relied on the fact that "[n]othing in the insurance policy specifically designates

Schmalefeldt, or the class of business patrons of the insured of which he was one, as an intended third-party beneficiary of the medical benefits provision. At best, the policy recognizes the possibility of some incidental benefit to members of the public at large, but such a class is too broad to qualify for third-party status under the statute." *Id.* at 429.

Similarly, in *Brunsell v. City of New Zealand*, 467 Mich. 293; 651 N.W.2d 388 (2002), the court found that the plaintiff, who slipped and fell on a sidewalk owned by a bank but leased to the city, was not a third-party beneficiary of the lease agreement between the bank and the city because it did not designate plaintiff or "any reasonably identified class" as an intended beneficiary of the city's agreement with the bank. *Id.* at 298. The *Brunsell* court further held that, under an objective analysis, the city's promise to repair the sidewalk was a promise that was made to the bank only, in a provision that was designed to "delineate the obligations of the city and the bank with regard to the premises, not to directly benefit third parties." *Id.*; *see also Kisiel v. Holz*, 272 Mich. App. 168; 725 N.W.2d 67 (2006) (concluding that a homeowner was not a third-party beneficiary of a contract between a contractor and subcontractor).

Here, unlike the facts in *Brunsell*, *Kisiel* and *Schmalfeldt*, the Membership Agreement's language specifically identified Defendant as the "manufacturer of fitness equipment." Deborah Ketcherside undertook a promise to directly benefit Defendant. Thus, she was "aware that the scope of [her] contractual undertaking[] encompasse[d] a third party, directly referred to in the contract . . . ." *Schmalfeldt*, 469 Mich. at 428. Plaintiff is incorrect in claiming that Defendant was not an intended third-party beneficiary of the Membership Agreement.

Plaintiffs further contend that Defendant's Motion for Summary Judgment is premature. Plaintiffs attach a Rule 56(d) affidavit specifying their inability to present facts essential to oppose Defendant's Motion for Summary Judgment. *See* Fed. R. Civ. P. 56(d) ("If a nonmovant shows by

affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery, (3) issue any other appropriate order.").

Plaintiffs assert that Defendant answered Plaintiff's First Set of Interrogatories on January 23, 2013, however Plaintiffs have not yet been able to take any depositions. They claim that the premature nature of Defendant's Motion for Summary Judgment requires this Court to deny the motion without prejudice. Specifically, Plaintiffs argue that Defendant's Motion for Summary Judgment was filed prior to Plaintiffs having an opportunity to take "depositions of Defendant's representatives identified in the Answers to Interrogatories, who will have knowledge of Defendant's decision to incorporate and then abandon the design and manufacture process which caused Plaintiff's Deborah Ketcherside's amputation."

Conversely, Defendant insists that dismissal of this action is appropriate under Federal Rule of Civil Procedure 12(c) which allows for "judgment on the pleadings". A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is reviewed under the same standard as a motion brought pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *See Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMOrgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007).

Defendant maintains that the allegations in Plaintiff's Complaint fail to state a claim for gross negligence. The Court agrees. No facts are alleged which suggest that Defendant engaged in "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results."

Tarlea v. Crabtree, 263 Mich. App. 80, 82; 687 N.W.2d 333 (2004). Plaintiffs' gross negligence allegations are insufficient for this Court to plausibly infer that Defendant's conduct was so reckless as to demonstrate a substantial lack of concern for whether injury results. Specifically, Plaintiffs allege:

> 17. Defendant's conduct was grossly negligent and was so reckless as to demonstrate a substantial lack of concern for whether injury would result.
> 18. Plaintiff Deborah Ketcherside was acting as dircted by Defendant's instructions when she was injured as a direct and proximate result of Defendant's failure to provide safe machinery and by Defendant's dangerous design of its equipment.
> 19. As a direct and proximate result of Defendant's gross negligence and breach of its duties, Plaintiffs sustained serious injuries as specified in Paragraphs 9 and 10 above.

Compl., ¶ ¶ 17-19. Plaintiffs' allegations sound in negligence, rather than gross negligence. "[E]vidence of ordinary negligence does not create a material question of fact concerning gross negligence. Rather, a plaintiff must adduce proof of conduct 'so reckless as to demonstrate a substantial lack of concern for whether an injury results." *Maiden v. Rozwood*, 461 Mich. 109, 122; 597 N.W.2d 817 (1999). Thus, Defendant is entitled to judgment in its favor on Plaintiffs' gross negligence claim.

Defendant also argues that Plaintiffs have not alleged sufficient facts to plausibly allege a claim for nuisance. Plaintiffs argue that they have sufficiently pled a claim for private nuisance. The elements of a private nuisance include: (a) Plaintiffs' property rights and privileges in respect to the use or enjoyment interfered with, (b) the invasion results in significant harm, (c) the actor's conduct is the legal cause of the invasion, and (d) the invasion is either (i) intentional and unreasonable, or (ii) unintentional and otherwise actionable under the rules governing liability for negligent, reckless, or ultrahazardous conduct. *See Capitol Props. Group, LLC v. 1247 Ctr. St., LLC*, 283 Mich. App. 422, 431-32; 770 N.W.2d 105 (2009). However, a defendant is liable for

private nuisance if (1) the defendant created the nuisance, (2) the defendant owned or controlled the land from which the nuisance arose, or (3) the defendant employed another to do work from which the defendant knew a nuisance would likely arise. *See Cloverleaf Car v. Phillips*, 213 Mich. App. 186, 190-93; 540 N.W.2d 297 (1995).

Here, assuming Plaintiffs' nuisance claim is not likewise barred by the release in the Membership Agreement, there is no dispute that Defendant did not control the land from which the nuisance arose, specifically Fitness USA in Dearborn, Michigan. Nor is there any allegation that Defendant employed another knowing that a nuisance as likely to arise at Fitness USA. Thus, Plaintiffs have failed to state a claim for private nuisance.

**IV.   CONCLUSION**

For the foregoing reasons, Defendant's Motion for Summary Judgment [#9] is GRANTED. This cause of action is dismissed.

SO ORDERED.

Dated: <u>March 15, 2013</u>                            /s/ Gershwin A Drain
                                                                                            GERSHWIN A. DRAIN
                                                                                            U.S. DISTRICT JUDGE